Filed: 4/1/2026 2:35 PM
Clerk
Porter County, Indiana

STATE OF INDIANA)       IN THE PORTER COUNTY _____ COURT
) SS:
COUNTY OF PORTER       )       VALPARAISO, INDIANA

| | |
|---|---|
| MICHAEL BONAVENTURA | ) |
|    Plaintiff | ) |
| | ) |
| VS. | ) CAUSE NO.: |
| | ) |
| OFFICER LANDON CORNELL, in his | ) |
| Individual and official capacity and | ) |
| OFFICER BENJAMIN TEUFEL, in his Individual | ) |
| And Official Capacity. | ) |
| | ) |
|    Defendants. | ) |

## COMPLAINT

Comes now, Michael Bonaventura, by Counsel Russell W. Brown, Jr. of The Region Lawyers, Inc.; and for his Complaint for Damages against Defendants, Officer Landon Cornell, in his individual and official capacity and Officer Benjamin Teufel, in his individual and professional capacity, alleges as follows:

### PARTIES

1. At all times relevant hereto Michael Bonaventura was a resident of Porter County, State of Indiana.

2. At all times relevant hereto, Defendant Officer Landon Cornell was a sworn officer with the City of Valparaiso Police Department.

3. At all times relevant hereto, Defendant Officer Benjamin Teufel was a sworn officer with the City of Valparaiso Police Department.

### THE FACTS

4. On or about March 30, 2025, Officer Cornell responded to 1808 Finney Drive in response to a report that a male subject had suicidal ideations.

1

5.  Once at the residence, Officer Cornell learned from Lillian Bonaventura that her father, Michael Bonaventura, had sent text messages to her indicating that he did not have any fight left in his body. Other individuals at the residence receive text messages from Michael saying "This is not going to end how they all wanted it. It's going to end how he wanted it."

6.  Lillian advised Officer Cornell that she had been trying to contact Mr. Bonaventura without any success.

7.  As a result, officers contacted Porter County Sheriff Department to have Mr. Bonaventura's cell phone pinged.

8.  The ping showed that Mr. Bonaventura's cell phone was in Michigan City, Indiana.

9.  Officer Cornell asked for a BOLO to be sent out in an attempt to locate Mr. Bonaventura for a welfare check.

10. Officer Cornell accessed the law enforcement's FLOCK camera system and searched for Mr. Bonaventura's license plate.

11. Based upon the information received, it appeared that Mr. Bonaventura was returning to his home.

12. Lillian called Officer Cornell and advised that Mr. Bonaventura had contacted her, he was ok and that he was on his way home.

13. Officer Cornell and Officer Teufel remained in the area of 1808 Finney Drive and waited for Mr. Bonaventura to return home.

14. Officer Cornell and Officer Teufel observed Mr. Bonaventura's vehicle pull into the driveway and park in the garage.

2

15. Officer Cornell and Officer Teufel then approached the residence in their patrol vehicles and activated their lights.

16. Officer Cornell and Officer Teufel exited their patrol vehicles and drew their firearms, pointing them at Mr. Bonaventura and his vehicle.

17. Officer Cornell and Officer Teufel ordered Mr. Bonaventura out of the vehicle which he complied.

18. Officer Cornell then placed Mr. Bonaventura into handcuffs and transported him to Northwest Health – Valparaiso against his will.

19.  Officer Cornell nor Officer Teufel had a warrant to enter Mr. Bonaventura's garage.

20. Officer Cornell nor Officer Teufel had probable cause to enter Mr. Bonaventura's garage.

21. No extenuating circumstances existed that would justify Officer Cornell's or Officer Teufel's entry into Mr. Bonaventura's garage.

22. Officer Cornell nor Officer Teufel had probable cause to arrest and detain Mr. Bonaventura against his will.

23. No extenuating circumstances existed that would justify Officer Cornell's or Officer Teufel's arrest and detention of Mr. Bonaventura against his will.

### **COUNT I: SECTION 1983 ILLEGAL SEARCH**
### **Against Defendants Officer Cornell and Officer Teufel**

24. Each paragraph of this Complaint is incorporated as if restated herein.

25. Defendant Officer Cornell and Defendant Officer Teufel entered Mr. Bonaventura's garage without a warrant and without probable cause.

26.  Defendant Officer Cornell's and Defendant Officer Teufel's actions were under the color of state law.

27. This Complaint against Defendants Officer Cornell and Officer Teufel is for damages arising out of the violation of civil rights pertaining to Plaintiff, which are in direct violation of Indiana common law and the Indiana and United States Constitutions.

28. Mr. Bonaventura had a clearly established right to be free from unreasonable search under the Fourth Amendment to the United States Constitution.

29. Defendant Officer Cornell and Defendant Officer Teufel subjected Mr. Bonaventura to an unreasonable search under the Fourth Amendment to the United States Constitution.

**COUNT I: SECTION 1983 UNLAWFUL ARREST**
**Against Defendants Officer Cornell and Officer Teufel**

30. Each paragraph of this complaint is incorporated as if restated herein.

31. Defendant Officer Cornell and Defendant Officer Teufel arrested and detained Mr. Bonaventura without a warrant and without probable cause.

32. Defendant Officer Cornell's and Defendant Officer Teufel's actions were under the color of state law.

33. This Complaint against Defendants Officer Cornell and Officer Teufel is for damages arising out of the violation of civil rights pertaining to Plaintiff, which are in direct violation of Indiana common law and the Indiana and United States Constitutions.

34. Mr. Bonaventura had a clearly established right to be free from unlawful arrest and detention under the Fourth Amendment to the United States Constitution.

35. Defendant Officer Cornell and Defendant Officer Teufel subjected Mr. Bonaventura to an unlawful arrest under the Fourth Amendment to the United States Constitution.

## **PRAYER FOR DAMAGES**

WHEREFORE, having asserted various causes of action and alleging facts in support thereof, the Plaintiff, Michael Bonaventura, prays for judgment and damages against the Defendants as previously stated and as follows:

a.      awarding the Plaintiff general and/or compensatory damages, including without limitation damages for his pain and suffering, mental anguish, embarrassment, humiliation, and/or general emotional distress, in amounts to be determined at trial;

b.      awarding the Plaintiff punitive damages for the Defendants' willful and/or malicious violation of their civil rights or its reckless indifference to their civil rights;

c.      awarding the Plaintiff his costs and attorney's fees;

d.      awarding the Plaintiff treble damages in an amount up to three times the amount of his compensatory damages for the egregious nature of Defendants' actions.

e.      for all other legal and/or equitable relief this Court deems just and proper in the premises.

Dated this 1st day of April, 2026.

Respectfully submitted,

The Region Lawyers, Inc.


By:/s/ Russell W. Brown, Jr._____
     Russell W. Brown, Jr. #29628-64
     Attorney for Plaintiff
     9223 Broadway, Suite E
     Merrillville, IN  46410
     219-750-9380

## <u>REQUEST FOR JURY TRIAL</u>

The Plaintiff, Michael Bonaventura respectfully requests that this cause be tried by jury.

Respectfully submitted,

The Region Lawyers, Inc.

By:<u>/s/ Russell W. Brown, Jr. </u>
    Russell W. Brown, Jr. #29628-64
    Attorney for Plaintiff
    9223 Broadway, Suite E
    Merrillville, IN  46410
    219-750-9380

6